CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED /Abingdon
FEB 2 6 2014
JULIA C. DUDLEY, CLERK
BY: /s/ J. Mooely
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | |
| | ) | Civil Action No. 1:12CV00038 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| STRONGWELL CORPORATION, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

This case is presently before the court on the plaintiff's motion for reconsideration of the court's previous order granting in part the defendant's motion to stay. For the reasons that follow, the motion for reconsideration will be denied.

## Background

On January 23, 2012, Black & Veatch Corporation ("Black & Veatch") filed suit against Strongwell Corporation ("Strongwell") in the United States District Court for the Western District of Missouri. Black & Veatch's claims relate to work and/or materials that Strongwell provided as part of a project to construct jet bubbling reactors for certain power plants owned by American Electric Power Service Corporation. After the lawsuit was filed, Strongwell tendered a claim for defense and/or indemnification to Nautilus Insurance Company ("Nautilus") under two commercial general liability policies issued by Nautilus. Nautilus agreed to defend Strongwell under a reservation of rights, but then commenced this action seeking a declaration that it has no obligation to defend or indemnify Strongwell.

Strongwell subsequently moved to dismiss Nautilus's complaint insofar as it requested a declaration that Nautilus has no duty to defend Strongwell in the underlying action. Strongwell

also filed a motion to stay the case insofar as Nautilus requested a declaration that it owes no duty to indemnify Strongwell for any damages that Strongwell might be required to pay.

By memorandum opinion and order entered June 5, 2013, the court granted the motion for partial dismissal. Applying the "eight corners rule" of Virginia insurance law, which requires courts "'to compare the four corners of the insurance policy against the four corners of the underlying complaint [to determine] if any allegations may potentially be covered by the policy,'" the court concluded that Black & Veatch's amended complaint includes allegations which create a possibility of coverage under the policies' insuring clause, and which do not clearly and unambiguously fall within the scope of the policy exclusions cited by Nautilus. Nautilus Ins. Co. v. Strongwell Corp., No. 1:12CV00038, 2013 U.S. Dist. LEXIS 79163, at *24, 31 (W.D. Va. June 5, 2013) (quoting CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co., 566 F.3d 150, 153 (4th Cir. 2009)). Accordingly, the court held that the allegations are sufficient to trigger a duty to defend Strongwell and, thus, dismissed Nautilus's amended complaint to the extent it requested a declaration to the contrary.

The court also granted in part Strongwell's motion to stay proceedings related to the question of whether Nautilus owes a duty to indemnify Strongwell. In ruling on this motion, the court noted that "'the duty to indemnify relies on litigated facts,'" Nautilus Ins. Corp., 2013 U.S. Dist. LEXIS 79163, at *32 (quoting CACI Int'l, Inc., 566 F.3d at 155), and, thus, that courts have generally held that it would be "'premature'" to rule on the plaintiff's duty to indemnify while the underlying action remains pending. Id. (quoting Penn-America Ins. Co. v. Mapp, 461 F. Supp. 2d 442, 458 (E.D. Va. 2006)); see also First Tenn. Bank Nat'l Ass'n v. St. Paul Fire & Marine Ins. Co., 501 F. App'x 255, 261-62 (4th Cir. 2012) (holding that the district court's ruling on the indemnification issue was premature, and that the issue would be ripe for reconsideration by the

district court upon the resolution of the underlying action); <u>Anthem Cas. Ins. Group Affirmative Ins. Co. v. Roberts</u>, 49 Va. Cir. 154, 155 (Roanoke City Cir. Ct. 1999) (holding that a decision regarding the insurer's obligation to indemnify the insured for a judgment arising out of a pending personal injury case would be premature).   The court found no persuasive basis to depart from this general rule, and advised the parties that, unless there was an inordinate delay in the proceedings pending in the Western District of Missouri, it would refrain from ruling on the indemnification issue until the underlying action is resolved.   In the meantime, the court permitted Nautilus to propound requests for production of documents on Strongwell.   However, the court stayed all other discovery applicable to the indemnification issue pending the resolution of the underlying action.

Nautilus has now moved for reconsideration of the court's rulings on the motion to stay. The motion for reconsideration has been argued and fully briefed and is ripe for review.

## Standard of Review

Nautilus's motion for reconsideration is filed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.   Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, . . . at any time prior to final judgment when such is warranted."   <u>Am. Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514-15 (4th Cir. 2003).   The resolution of a motion for reconsideration filed pursuant to this rule is "committed to the discretion of the district court."   <u>Id.</u> at 515.   In light of such discretion, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment."   <u>Id.</u> at 514.   Nonetheless, courts often consider the same factors and generally do not grant such motions unless "'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

3

reasoning but of apprehension . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred].'" McAfee v. Boczar, No. 3:11CV646, 2012 U.S. Dist. LEXIS 90216, at*5 (E.D. Va. June 28, 2012) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Reconsideration is also appropriate when 'the prior decision was clearly erroneous and would work manifest injustice.'" McCoy v. Robinson, No. 3:08CV555, 2011 U.S. Dist. LEXIS 136718, at *27 (E.D. Va. Nov. 28, 2011) (quoting Am. Canoe Ass'n, 326 F.3d at 515).

## Discussion

In this case, Nautilus argues that two changes in the circumstances existing at the time the court ruled on Strongwell's motion to stay warrant reconsideration of the court's decision to partially grant the motion. Specifically, Nautilus notes that a new lawsuit has been filed against Strongwell in the United States District Court for the Southern District of Alabama involving allegations similar to those pled in the underlying action against Strongwell, and that the parties to the underlying action in Missouri have been required to engage in mediation. Nautilus contends that these developments provide a persuasive basis to expand the scope of discovery permitted in the court's previous order to include all forms of discovery, and to allow Nautilus the opportunity to file a motion for summary judgment on the issue of indemnity prior to the resolution of the underlying action. For the following reasons, the court finds Nautilus's arguments unpersuasive.

As the court explained in its previous memorandum opinion, the duty to defend and the duty to indemnify are separate and distinct obligations. The latter, which is based on "litigated facts," CACI Int'l, Inc., 566 F.3d at 155, generally arises only after an insured has become liable, whether by judgment or settlement, for damages that are covered by the policy. See Perdue Farms, Inc. v. Travelers Cas. & Sur. Co. of Am., 448 F.3d 252, 257-58 (4th Cir. 2006) ("The duty

4

to indemnify . . . refers to an insurer's responsibility to pay a monetary award when its insured has become liable for a covered claim. The duty to indemnify depends upon liability, i.e., an insurer's obligation to pay a judgment or settlement.") (internal citations and quotation marks omitted); see also Penn-America Ins. Co. v. Coffey, 368 F.3d 409, 413 (4th Cir. 2004) (noting that "an insurer's duty to indemnify will depend on resolution of the facts alleged in the [underlying action]") (emphasis in original). Accordingly, both federal and state courts applying Virginia law have repeatedly held that a decision on the question of whether an insurer which owes a duty to defend also owes a duty to indemnify must generally await the outcome of the underlying action. See, e.g., First Tenn. Bank Nat'l Ass'n, 501 F. App'x at 261-62; Mapp, 461 F. Supp. 2d at 458; Roberts, 49 Va. Cir. at 155.

This general rule was most recently applied by the United States District Court for the Eastern District of Virginia in Travelers Indemnity Company of Connecticut v. Sterling Wholesale, LLC, No. 2:12CV156, 2013 U.S. Dist. LEXIS 102223 (E.D. Va. July 19, 2013) (Doumar, J.). After determining that the insurer owed a duty to defend, the district court dismissed without prejudice the remaining claims regarding the insurer's duty to indemnify, since a ruling on those claims would depend "on the outcome of the underlying litigation." See Sterling Wholesale, LLC, 2013 U.S. Dist. LEXIS 10223, at *26. Other district courts have elected to do the same. See, e.g., Sentry Select Ins. Co. v. Acuna, No. 1:11-CV-581, 2011 U.S. Dist. LEXIS 131940, at *22 (E.D. Va. Nov. 15, 2011) (Trenga, J.) (dismissing without prejudice the insurer's request for a declaration that it has no duty to indemnify, since the issue could not be decided until the final adjudication of the underlying action); Pennsylvania Nat. Mut. Cas. Ins. Co. v. Block Roofing Corp., 754 F. Supp. 2d 819, 828-29 (E.D. Va. 2010) (Morgan, J.) (administratively closing the case after finding that the insurer owed a duty to defend, and explaining that "only after

the state court has made its decision will this Court be able to evaluate whether or not Penn National has a duty to indemnify Block").

As Strongwell emphasizes in its brief in opposition, the general rule applied in the foregoing decisions, and by this court in its previous opinion, is supported by a number of sound policy considerations. First, the rule prevents unnecessary litigation and preserves judicial resources, since the time spent resolving the issue of indemnification "may be wasted if the insured ultimately prevails in the underlying suit." McComb v. Nat'l Cas. Co., No. 12 C 5680, 2013 U.S. Dist. LEXIS 156181, at *3 (N.D. Ill. Oct. 31, 2013); see also Lear Corp. v. Johnson Elec. Holdings Ltd., 353 F.3d 580, 583 (7th Cir. 2003) ("A declaration that A must indemnify B if X comes to pass has an advisory quality; and if the decision would not strictly be an advisory opinion (anathema under Article III) it could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant."). Second, the rule prevents the insured from being put at risk of losing the defense to which it is otherwise entitled under the "eight corners rule" adopted by courts in Virginia and other states. See Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, 267 F. Supp. 2d 601, 633 (E.D. Tex. 2003) ("[T]o reach the duty to indemnify before the conclusion of the underlying suit would be to eviscerate completely [the eight corners] rule. For if the courts could proceed to the indemnification question and examine extrinsic facts to make coverage determinations . . . before the underlying suit terminates, then the court would never be constrained by the limitations imposed by the eight corners rule in the duty to defend analysis; it would always be free to examine extrinsic evidence because it would always be free to skip ahead to decide indemnification."). Additionally, the rule prevents the insured from being placed in the untenable position of denying liability in the underlying action, while simultaneously being forced to marshal facts that would support its liability, in order to prevail

6

against the insurer in an action to determine the insurer's indemnification obligations. See

Charter Oak Fire Ins. Co. v. Interstate Mech., Inc., No. 3:10-cv-01505-PK, 2013 U.S Dist. LEXIS

111668, at *56 (D. Or. May 7, 2013) (recognizing that "when the underlying tort action is still

underway, it is appropriate to stay a simultaneous coverage action determining the duty to

indemnify if the coverage action places the insured in 'the conflictive position' of being required to

abandon its denial of liability in the underlying liability case in order to demonstrate coverage")

(quoting N. Pac. Ins. Co. v. Wilson's Distrib. Serv., Inc., 908 P.2d 827, 832 (Or. Ct. App. 1995)).

In the instant case, the court is convinced that these policy considerations continue to

warrant the application of the general rule, and that neither development cited by Nautilus provides

a compelling reason for the court to reconsider its prior decision. Succinctly stated, the fact that

Strongwell was named in a separate lawsuit involving a separate construction project has no

bearing on whether Nautilus has a duty to defend Strongwell in the underlying action filed in

Missouri, and does not provide a persuasive basis for the court to depart from the general rule that

it is premature to decide the issue of indemnification before the underlying action is resolved.

Likewise, the fact that the parties to the underlying action have been ordered to engage in

mediation does not provide a persuasive basis to grant Nautilus additional discovery into, or permit

it to litigate, the issue of indemnification while the underlying action remains pending. As the

court explained during the hearing on the instant motion, insurers which undertake to defend cases

under a reservation of rights are commonly required to make settlement decisions without the

benefit of a ruling on their indemnification obligations. Consequently, recognizing the mediation

exception advanced by Nautilus would potentially swallow the general rule applied by this court

and numerous others. By granting even limited discovery to Nautilus, the court gave it more than

would ordinarily be provided under the general rule, and the court finds no compelling reason at this time to order additional discovery.

For these reasons, Nautilus's motion for reconsideration will be denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This __25th__ day of February, 2014.

_____
Chief United States District Judge