CLERK'S OFFICE U.S. DIST. COURT
FILED
for Abingdon
JUN 1 3 2014
JULIA C. DUDLEY, CLERK
BY: _____
(DEPUTY CLERK)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) | Civil Action No. 1:12CV00038 |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Hon. Glen E. Conrad |
| STRONGWELL CORPORATION, ) | Chief United States District Judge |
| Defendant. ) | |

This case is presently before the court on a motion to intervene filed by AIG Specialty Insurance Company, f/k/a Chartis Specialty Insurance Company, f/k/a American International Specialty Lines Insurance Company ("AIG"). For the reasons that follow, the motion will be granted.

### Background

On January 23, 2012, Black & Veatch Corporation ("Black & Veatch") filed suit against Strongwell Corporation ("Strongwell") in the United States District Court for the Western District of Missouri. Black & Veatch's claims relate to work and/or materials that Strongwell provided as part of a project to construct jet bubbling reactors for certain power plants owned by American Electric Power Service Corporation. After the lawsuit was filed, Strongwell tendered a claim for defense and/or indemnification to Nautilus Insurance Company ("Nautilus") under two general liability policies issued by Nautilus. Nautilus agreed to defend Strongwell under a reservation of rights, but then commenced this action seeking a declaration that it has no obligation to defend or indemnify Strongwell.

By memorandum opinion and order entered June 5, 2013, the court granted Strongwell's motion for partial dismissal. Applying the "eight corners rule" of Virginia insurance law, the court held that the allegations in Black & Veatch's complaint are sufficient to trigger a duty to defend Strongwell and, thus, dismissed Nautilus's amended complaint to the extent it requested a declaration to the contrary. The court also granted in part Strongwell's motion to stay proceedings related to the question of whether Nautilus owes a duty to indemnify Strongwell. The court advised the parties that it would refrain from ruling on the indemnification issue until the underlying action is resolved. In the meantime, the court permitted Nautilus to serve requests for production of documents on Strongwell. The court stayed all other discovery applicable to the issue of indemnification pending the resolution of the underlying action.

AIG, which issued Strongwell three umbrella liability policies that provide coverage in excess of the Nautilus policies, has moved to intervene. In its proposed intervenor complaint, AIG seeks to obtain a determination of its defense and indemnification obligations to Strongwell with respect to the lawsuit filed by Black & Veatch. Although its obligations under the excess policies have not been triggered, AIG seeks to intervene in order to ensure that its rights are not impaired by any findings ultimately made by the court. AIG also seeks to participate in the limited discovery that the court previously permitted, emphasizing that its participation in such discovery will promote efficiency and avoid duplicative work.

Strongwell has filed a brief in opposition to AIG's motion. Although Strongwell is willing to respond to document requests from AIG, Strongwell contends that permitting intervention "at this late date . . . would work substantial prejudice" if it is forced to relitigate matters that have already been decided. Strongwell's Surreply 7, ECF No. 69. Additionally, Strongwell maintains that issues related to AIG's obligations under the excess policies "could be

2

addressed -- if necessary -- when and if AIG is ever called upon to provide a defense or coverage under its policies," and, thus, that denying the pending motion would not prejudice AIG.   Id.

AIG's motion and Strongwell's objections have been fully briefed.   Neither side requested a hearing, and the court has determined that oral argument would not aid in the decisional process. Accordingly, the matter is ripe for disposition.

## Discussion

Intervention in a federal action is a procedural matter governed by Rule 24 of the Federal Rules of Civil Procedure.   In this case, AIG seeks to intervene as a matter of right under Rule 24(a)(2), which provides as follows:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).   Thus, to intervene as a matter of right, the movant must demonstrate each of the following elements: (1) that the movant has an interest in the subject matter of the underlying action; (2) that the denial of the motion to intervene would impair or impede the movant's ability to protect its interests; (3) that the movant's interests are not adequately represented by the existing parties to the litigation; and (4) that the motion to intervene is timely. See Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999).

The first element is easily satisfied in the instant case.   Given AIG's role as excess insurer, and the fact that it seeks a determination of its obligations to Strongwell under the same and/or substantially similar provisions as are at issue with respect to the primary policies issued by Nautilus, AIG plainly has an interest in the subject matter of the instant action.   See, e.g., Felman Prod. v. Indus. Risk Insurers, No. 3:09-0481, 2009 WL 5064058, 2009 U.S. Dist. LEXIS 117672,

3

at *8-9 (S.D.W. Va. Dec. 16, 2009) (holding that an excess insurer had a significantly protectable interest in the subject matter of a coverage action filed against the primary insurer to intervene as a matter of right); Maryland Cas. Co. v. W.R. Grace & Co., No. 88 Civ. 4337, 1996 WL 34154, 1996 U.S. Dist. LEXIS 868, at *6 (S.D.N.Y. Jan. 30, 1996) (holding that excess insurers "clearly" had an interest relating to the subject of an underlying coverage dispute).

The second inquiry under Rule 24(a)(2) is whether denying the motion to intervene would impair or impede AIG's ability to protect its interests. This element focuses on the "practical disadvantage" that would be suffered, and does not require a proposed intervenor to go so far as to show that collateral estoppel or res judicata principles would affect any later action that may be brought. Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n, 646 F.2d 117, 121 (4th Cir. 1981). Here, the court is of the opinion that AIG could be disadvantaged by decisions reached in this case, if it attempts to relitigate the same issues in a later action. Consequently, AIG meets the impairment requirement for intervention as a matter of right.

The third inquiry under Rule 24(a)(2) is whether the movant's interests are adequately represented by the existing parties. The movant's burden of demonstrating a lack of adequate representation is "minimal." Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976). Upon review of the record, the court concludes that this minimal burden has been met by AIG. Although AIG and Nautilus assert common coverage defenses, it is undisputed that they may take conflicting positions on issues affecting the amounts of coverage available under their respective policies, such as the number of occurrences in the underlying action. Thus, this factor also weighs in favor of granting AIG's motion.

4

The final element -- timeliness -- is the "cardinal consideration" of whether to allow intervention.  Moore, 193 F.3d at 839.  In determining whether a motion to intervene was timely filed, courts consider the following factors: (1) how far the case has progressed; (2) the prejudice that delay might cause other parties; and (3) the reason for the tardiness in moving to intervene.  Scardelletti v. Debarr, 265 F.3d 195, 203 (4th Cir. 2001), rev'd on other grounds, Devlin v. Scardelletti, 536 U.S. 1 (2002).  Of these, the most important consideration is whether the delay in seeking to intervene has prejudiced the other parties.  Hill v. Western Elec. Co., 672 F.2d 381, 385-86 (4th Cir. 1982).  The timeliness requirement is intended "'to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal.'"  Scardelletti, 265 F.3d at 202 (quoting United States v. South Bend Cmty. Sch. Corp., 710 F.2d 394, 396 (7th Cir. 1983)).

Applying these factors, the court concludes that AIG timely sought to intervene in the instant action.  Although AIG's motion was not made until over a year after Nautilus filed its original complaint, this is not a case in which the movant has been "sitting on [its] rights in ignorance or apathy."  Maxum Indem. Co. Sec. Ins. Co. v. Eclipse Mfg. Co., No. 06-cv-4946, 2008 WL 4831734, 2008 U.S. Dist. LEXIS 89757, at *10 (N.D. Ill. Nov. 5, 2008) (internal citation and quotation marks omitted).  It is undisputed that AIG has no current duty to defend Strongwell in connection with the underlying action in Missouri, and that its excess policies will not come into play until the limits of the Nautilus policies are exhausted.  Moreover, allowing AIG to intervene will not disrupt the progress of the instant action.  While the court has already ruled that Nautilus is obligated to defend Strongwell in the underlying action, the court has stayed litigation related to the issue of indemnification until the underlying action is resolved.  Consequently, this case is not "within sight of the terminal," and will not be "derail[ed]" if AIG is allowed to intervene.  Scardelletti, 265 F.3d at 202.

5

For these reasons, the court concludes that AIG is entitled to intervene as a matter of right. Accordingly, the court will grant AIG's motion and permit it to engage in the limited discovery permitted by the court's June 5, 2013 order.   However, because AIG has no current duty to defend Strongwell under the excess policies and "may never have a duty to defend" Strongwell, AIG's Reply Br. 2, ECF No. 64, the court will stay any further litigation pertaining to AIG's obligations pending further development in the underlying action.*   In light of the concerns expressed in Strongwell's brief in opposition, the court is convinced that this will alleviate any potential prejudice resulting from AIG's delayed intervention.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 13th day of June, 2014.

_____
Chief United States District Judge

---

* Strongwell will not be required to respond to the intervenor complaint at this time.